# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* LAFAYETTE WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>PHILIP A. HASTY, TROY CROUSE,<br>And McCALLAY RAYMER, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV414-090 |

## **REPORT AND RECOMMENDATION**

LaFayette Wright, who is detained at the Chatham County Detention Center, has submitted for filing a *qui tam* action under the False Claims Act (though he uses a standard 42 U.S.C. § 1983 form complaint). (Doc. 1 at 5.) He seeks to proceed *in forma pauperis* ("IFP"). (Doc. 2.) He is barred from doing so, however, by the "three strikes" provision of 28 U.S.C. § 1915(g).

Plaintiffs are generally required to pay a filing fee in order to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid *prepayment* of the filing fee under 28 U.S.C.

§ 1915. In order to proceed IFP, however, prisoners must surmount § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eleventh Circuit has held that a prisoner barred from proceeding IFP due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks IFP status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Wright is a serial filer who long ago accumulated three or more dismissals on grounds of frivolity, maliciousness, or failure to state a claim. *See Wright v. Blake*, No. CV400-084, doc. 9 (S.D. Ga. June 23, 2000) (dismissing case as malicious under § 1915A); *Wright v. Blake*, No.

CV400-226, doc. 3 (S.D. Ga. Sept. 13, 2000) (dismissing case as frivolous and for failure to state a claim); *Wright v. Ringle*, No. CV401-164, docs. 9, 12 (S.D. Ga. Aug. 1, 2001) (dismissal for failure to state a claim). This should hardly come as a surprise to Wright, since he has been advised on multiple occasions that he is barred from proceeding IFP without showing that he is in imminent danger of serious harm. *Wright v. Hines*, No. CV406-188, doc. 3 (S.D. Ga. Aug. 10, 2006) (advising Wright that he is a three-striker barred from proceeding IFP absent a showing that he is in imminent danger of serious physical injury); *Wright v. Galin Mortgage Lending*, No. CV406-189, doc. 3 (S.D. Ga. Aug. 2, 2006) (same); *Wright v. Powell*, No. CV403-112, doc. 3 (S.D. Ga. June 18, 2003) (same); *Wright v. Ringle*, No. CV401-211, doc. 4 (S.D. Ga. Sept. 25, 2001) (same). The only harm alleged here is a financial loss to the United States Department of Housing. (Doc. 1 at 5.) Hence, he has not come close to making any "specific allegations of present imminent danger that may result in serious physical harm." *Skillern v. Jackson*, 2006 WL 1687752 at *2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)).

As Wright is barred by § 1915(g), his complaint (doc. 1) should be dismissed. Even if Wright paid the filing fee, the Court would lack subject matter jurisdiction to hear a *qui tam* claim brought on behalf of the United States by a *pro se* litigant. Every court that has considered the matter has held that False Claims Act relators must comply with the general rule prohibiting nonlawyers from representing other litigants. *E.g., Timson v. Sampson*, 518 F.3d 870, 873–74 (11th Cir. 2008). While most prisoner suits barred by § 1915(g) should be dismissed without prejudice, because there is no possible jurisdictional basis for Wright's *pro se* action, his case should be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this __11th__ day of August, 2014.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA